No. 88–5746.  HAMILTON *v.* CALIFORNIA.  Sup. Ct. Cal.  Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant certiorari and vacate the death sentence in this case.  Even if I did not hold this view, however, I would grant the petition to resolve the question whether a trial court may instruct a penalty phase jury that, "if you conclude that the aggravating circumstances outweigh the mitigating circumstances, you *shall* impose a sentence of death." I have grave doubts that such an instruction permits the individualized and reliable sentencing determination that the Constitution requires in capital cases, particularly where, as here, it is coupled with prosecutorial remarks stressing the limits on jurors' discretion.

I

Petitioner Bernard Lee Hamilton was charged with first-degree murder, kidnaping, robbery, and burglary.  During *voir dire,* the prosecutor told 11 of the 12 persons who ultimately served as

jurors that the law required them to impose a death sentence if they found that the aggravating factors outweighed the mitigating factors. All 11 persons stated that they understood the law as explained by the prosecutor and promised to follow it.*

Hamilton was convicted of all charges. He was found to have committed the murder in the course of robbery, kidnaping, and burglary. These special circumstance findings made him eligible for the death penalty. During closing argument in the penalty phase, the prosecutor emphasized the limits on the jurors' discretion.

> "Now remember at the time of the voir dire you all promised that in the event that this case went to a penalty phase and the aggravation evidence outweighed the mitigation evidence, you would impose the death penalty. Well, that is the case here, and now is the time. You should not let sympathy for the defendant or his family affect your deliberations." Record 4642.

The trial judge echoed the prosecutor's remarks when he instructed the jury: "If you conclude that the aggravating circumstances outweigh the mitigating circumstances, you shall impose a sentence of death." *Id.*, at 4669. This instruction mirrors Cal. Penal Code Ann. § 190.3 (West 1988), which provides that, "the trier of fact . . . shall impose a sentence of death if the trier of fact concludes that the aggravating circumstances outweigh the mitigating circumstances." The jury sentenced Hamilton to death.

The California Supreme Court affirmed Hamilton's conviction but set aside the special circumstance findings and reversed the death sentence. 41 Cal. 3d 408, 710 P. 2d 981 (1985). This Court granted certiorari, 478 U. S. 1017 (1986), vacated, and remanded for reconsideration in light of *Rose* v. *Clark*, 478 U. S. 570 (1986). On remand, the California Supreme Court affirmed both the conviction and the sentence. 45 Cal. 3d 351, 753 P. 2d 1109 (1988). It noted that it had upheld the constitutionality of § 190.3 in *People* v. *Brown*, 40 Cal. 3d 512, 726 P. 2d 516 (1985), even though

---

*Record 587, 650, 670, 740, 750, 879, 1200–1201, 1247, 1435, 1477, 1518. The prosecutor's exchange with Sandra Sheffield is illustrative. The prosecutor stated:

"Q. 'If [the trial court] would instruct you that the evidence in aggravation outweighed that in mitigation, *there is no way around it, you'd have to bring back a verdict of death.* Would you follow that instruction as well?'

"A. Yes." *Id.*, at 750 (emphasis added).

*Brown* had recognized that "when delivered in an instruction [§ 190.3's] mandatory sentencing language might mislead jurors as to the scope of their sentencing discretion and responsibility," 45 Cal. 3d, at 370, 753 P. 2d, at 1122. The court further noted that in *Brown* it had barred the future use of the "bare words of the statute," 45 Cal. 3d, at 371, 753 P. 2d, at 1122, and had stated that, with respect to cases in which the bare words had been employed, it would engage in a case-by-case determination whether the jurors may have been misled as to their sentencing discretion.

Applying *Brown* to the instant case, the California Supreme Court concluded that the instruction did not prejudice Hamilton. It pointed to closing remarks by both the prosecutor and defense counsel which emphasized the jurors' responsibility for the sentencing decision. In addition, the court noted that the trial judge had instructed the jurors that they should weigh rather than count the aggravating and mitigating factors, and that they had to be "convinced beyond a reasonable doubt that the totality of the aggravating circumstances outweigh[s] the totality of the mitigating circumstances" in order to impose a death sentence. 45 Cal. 3d, at 371, 753 P. 2d, at 1122. The court concluded that, given the statements, the jurors could not have been misled by the mandatory language contained in the instruction.

## II

Because the death penalty is qualitatively different from any other sentence, this Court requires that sentencing in capital cases be particularized with regard to the individual and the crime charged. See *Lockett* v. *Ohio*, 438 U. S. 586 (1978) (plurality opinion). Toward that end, we have struck down state laws and instructions that prevent a jury from considering any mitigating aspect of a capital defendant's character or background. See, *e. g.*, *Hitchcock* v. *Dugger*, 481 U. S. 393 (1987); *Lockett* v. *Ohio, supra.* We have also held that mandatory death sentences are impermissible because they do not allow for consideration of particularized mitigating factors. See, *e. g.*, *Sumner* v. *Shuman*, 483 U. S. 66 (1987) (invalidating mandatory death sentence for murder committed by a defendant who is already serving a life sentence); *Roberts* v. *Louisiana*, 431 U. S. 633 (1977) *(per curiam)* (invalidating mandatory death sentence for murder of a police officer).

The mandatory element of the California trial court's instruction pursuant to § 190.3 runs counter to our demand for individual-

ized consideration in capital cases. It establishes a fixed formula for the jury's deliberations which severely circumscribes the jury's discretion in sentencing. Indeed, the California Supreme Court has conceded in the instant case, in *Brown, supra,* and in *People v. Myers,* 43 Cal. 3d 250, 729 P. 2d 698 (1987), that a juror who finds that the aggravating evidence outweighs the mitigating evidence, but who believes that the death sentence is not appropriate, may reasonably understand such an instruction to require him to vote for a sentence of death.

Here, the state court found that the instruction's constitutional defect was cured by other instructions that the jurors must weigh aggravating and mitigating factors, and that they must be convinced beyond a reasonable doubt that the aggravating factors prevailed in order to impose the death penalty. Neither of these instructions, however, informed the jury that it retained discretion to impose a life sentence after it had determined that the aggravating factors outweighed the mitigating ones. At no time, furthermore, did the prosecutor or defense counsel suggest that the jurors had discretion in sentencing once they had decided that the aggravating factors outweighed the mitigating ones. Indeed, the prosecutor expressly reminded the jurors that they had promised during *voir dire* that they would automatically impose a death sentence if they found that the evidence in aggravation outweighed that in mitigation. In light of the foregoing, it is impossible to know whether Hamilton was sentenced to death because the jurors thought they had no alternative.

The instruction given in this case mandated a death sentence upon a finding that the aggravating circumstances outweighed the mitigating circumstances. Because the instruction does not comport with the individualized sentencing determination required in capital cases by the Eighth and Fourteenth Amendments, I would grant the petition for certiorari.